[Cite as *In re A.F.*, 2020-Ohio-5420.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

IN RE: A.F., a minor child.   :   APPEAL NOS. C-190680
                                                   C-190721
                              :   TRIAL NOS. 18-3633z
                                                   19-2774z

                              :   *O P I N I O N.*

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in C-190721; Appeal Dismissed in
             C-190680

Date of Judgment Entry on Appeal: November 25, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, *Julie Kahrs Nessler*, Assistant Public Defender, and *Jessica Moss*, Assistant Public Defender, for Appellant A.F.

**WINKLER, Judge**.

{**¶1**}    These consolidated appeals are taken from judgments of the Hamilton County Juvenile Court arising out of delinquency proceedings involving A.F.  C-190680 involves a probation violation in the case numbered 18-3633z.  C-190721 involves an adjudication of delinquency in the case numbered 19-2744z for conduct that, if it had been engaged in by an adult, would have constituted the offense of assault on a peace officer.

{**¶2**}    A.F. first contends the juvenile court erred by denying a motion seeking future access to a social worker from the public defender's office during delinquency proceedings.  We determine that any opinion regarding the juvenile court's denial of that motion would be advisory in nature because A.F. does not seek reversal of any delinquency finding or disposition on that basis, and she concedes she was provided the relief sought in the motion.  A.F. also challenges on sufficiency and weight-of-the-evidence grounds the finding of delinquency based on the assault of a peace officer, but we find her claim meritless after our review of the record.  Thus, we sua sponte separate the appeals, dismiss the appeal numbered C-190680, and affirm the delinquency adjudication that A.F. appealed in the appeal numbered C-190721.

## Facts and Procedure

{**¶3**}    In 2018, A.F. was adjudicated delinquent in the case numbered 18-3633z and placed on probation.  A.F. was also involved in dependency proceedings, and the Hamilton County Department of Job and Family Services ("HCJFS") eventually became her temporary custodian.  As a result of both delinquency and

dependency dispositions, A.F. was placed at several residential treatment centers when she was not detained at the juvenile detention center.

{¶4} While placed at the residential treatment center Pomegranate as a condition of her probation in 18-3633z, A.F. was denied access to a social worker from the public defender's office because HCJFS, as her custodian, characterized the contact as detrimental and did not approve it. In June 2019, defense counsel filed a motion in 18-3633z for an order that evolved into a request for the court to provide A.F. with direct access to the social worker when in a residential placement, even if HCJFS, as A.F.'s custodian, objected. According to the motion and defense counsel's argument, the social worker would be acting as counsel's agent in determining A.F.'s "best interest" with respect to dispositional options in delinquency proceedings. Shortly after the motion was filed, A.F. engaged in disruptive behavior and was removed from Pomegranate and placed in detention.

{¶5} In August 2019, while A.F. was in detention awaiting the disposition of her fourth probation violation in 18-3633z, a magistrate held a hearing on the motion for access to the social worker. A.F. conceded at the hearing that she had had no issue accessing the social worker since her removal from Pomegranate into detention. The magistrate denied the motion, and the juvenile court adopted the magistrate's order in October 2019 after overruling A.F.'s objections.

{¶6} At the October 2019 dispositional hearing for the fourth probation violation, A.F. made no indication that she had been denied access to the social worker. The magistrate continued A.F. on probation and HCJFS secured her placement at another residential treatment center. A.F. filed no objections to that dispositional decision, and the juvenile court adopted it by entry dated November 4, 2019. A.F. appealed from that judgment in the appeal numbered C-190680, arguing

3

that the juvenile court erred by denying her motion for access, but not challenging the probation violation finding or the disposition.

{¶7} While A.F. was on probation in 18-3633z, the state filed additional complaints against her, including the complaint in the case numbered 19-2774z alleging that she had assaulted Cincinnati Police Officer Naomi Simmons. Officer Simmons accused A.F. of "aggressively stomping" on her foot when she was attempting to search A.F. after an arrest. An adjudicatory hearing on that complaint was held in September 2019 before a magistrate. To prove its case, the state relied mainly on a police cruiser camera audio and video recording of the incident. The magistrate dismissed the complaint upon a finding that the state had failed to prove the allegation beyond a reasonable doubt. The state filed objections. Because the juvenile court found the objections had merit, the court set aside the magistrate's decision and found A.F. delinquent.

{¶8} At the subsequent dispositional hearing in 19-2774z, A.F. presented the juvenile court with a report prepared by the public defender's social worker. On November 25, 2019, the court placed A.F. on probation, for placement at an out-of-state residential program as a condition of her probation in 18-3633z, a result requested by defense counsel and the probation department. A.F. appealed from that judgment in the case numbered C-190721.

{¶9} At A.F.'s request, we consolidated the cases for briefing and argument. She now presents three assignments of error.

### Request for an Advisory Opinion

{¶10} In her first assignment of error, A.F. argues the juvenile court erred by denying her motion for access to the public defender's social worker. She maintains that without such access in her future placements she will be denied her statutory

4

and due-process rights to the effective assistance of counsel that attaches at "all stages" of the delinquency proceedings. The state notes that A.F. is not challenging any probation violation or delinquency finding or any disposition on this basis, but rather the denial of a prospective motion seeking relief ultimately afforded to A.F. Because of this, the state argues the issue is moot and that any opinion would be advisory in nature.

{¶11} This court decides actual controversies and will not render advisory opinions. *See Cascioli v. Cent. Mut. Ins. Co.*, 4 Ohio St.3d 179, 183, 448 N.E.2d 126 (1983); *Armco, Inc. v. Pub. Util. Comm.*, 69 Ohio St.2d 401, 406, 433 N.E.2d 923 (1982); *In re A.B.*, 1st Dist. Hamilton Nos. C-190327, C-190328 and C-190329, 2020-Ohio-3904, ¶ 8. A.F. concedes that she was not actually denied access to the public defender's social worker during the delinquency proceedings on review in this case. Thus, the issue is moot and A.F. is seeking an advisory opinion.

{¶12} Notwithstanding that, A.F. argues she is entitled to judicial intervention. Despite her demonstrated progress, she claims the issue is likely to be raised again between the parties, predicting that she will be the subject of future delinquency proceedings while on probation. This court may apply an exception to the mootness doctrine for issues that are capable of repetition, but the issue must be one that would evade review. *See In re A.B.* at ¶ 10. This court cannot accept A.F.'s prediction that she will be the subject of future delinquency proceedings and, even if we could, she has not made the requisite showing that the issue would evade review in the future. Therefore, we lack justification to issue an advisory opinion and do not address the assignment of error.

## Assault on a Peace Officer

{¶13} A.F.'s second and third assignments of error involve the finding of delinquency in 19-2774z based on the assault of Officer Simmons. A.F. first argues her adjudication was based on insufficient evidence. She does not dispute that her foot made contact with Officer Simmons's foot during a protective search. But she argues she could not have been found delinquent for this conduct, claiming it was a reflexive act of a juvenile to avoid a search and was unlikely to cause any actual harm because was she wearing flip-flops and the officer was wearing boots.

{¶14} To prove the offense upon which the adjudication is based, the state was required to show that A.F. had knowingly caused or attempted to cause physical harm to a peace officer. *See* R.C. 2903.13(A) and (C)(5). Liability under the statute for assault requires, at a minimum, proof of a voluntary act that occurs with the requisite guilty state of mind. *See* R.C. 2901.21(A)(1) and (2). The state was not required to prove the actions of the offender actually caused physical harm to the officer. *See State v. Hudson*, 1st Dist. Hamilton No. C-170681, 2019-Ohio-3497, ¶ 9.

{¶15} A reflexive act cannot be the basis for the adjudication because it is not voluntary. *See* R.C. 2901.21(F)(2). Additionally, the requisite degree of culpability for assault is "knowingly." With respect to Ohio's criminal statutes, "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶16} Further, although a showing of purpose is not required to establish the knowingly mens rea, the state can meet its burden to establish that mens rea by showing the defendant had acted "purposely." *See* R.C. 2901.22(E). Under Ohio's criminal statutes, "[a] person acts purposely when it is the person's specific intention

6

to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶17} The evidence shows that 15-year-old A.F.'s contact with Officer Simmons occurred after two male officers had arrested A.F. for causing damage to the facility where she was residing. Officer Simmons, a female officer, arrived on the scene to perform a search of A.F. before A.F. could be transported in the police cruiser. The interaction between Officer Simmons and A.F. was captured by all three police officers' body cameras and one officer's police cruiser camera. The police cruiser camera captured the encounter from a lower vantage point that allowed a clear view of the legs and feet of A.F., who was wearing flip-flop like shoes, and Officer Simmons, who was wearing boots. These recordings show that Officer Simmons was standing behind A.F. when she began a search of A.F.'s rear waistband. A.F. argued with Officer Simmons and moved around, interrupting the search and frustrating Officer Simmons. After stepping backwards on or near Officer Simmons's left foot two times, A.F. then lifted her right bended knee and stomped her foot down on Officer Simmons's left foot.

{¶18} The evidence further shows that when one of the arresting officers admonished A.F. for "kicking" Officer Simmons, A.F. stated that she had only "stepped" on her foot. Later, when asked by one of the officer why she did it, A.F. stated it was "to get her to back up."

{¶19} Upon our review of this evidence, we conclude that it supported a finding that A.F. had intentionally stomped on Officer Simmons's foot to inflict physical harm on the officer so that the officer would back up. Thus, any rational

factfinder, viewing the evidence in the light most favorable to the state, could have found the essential elements of the offense proved beyond a reasonable doubt. *See In re J.C.*, 1st Dist. Hamilton No. C-180493, 2019-Ohio-4027, ¶ 11, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶20} Next A.F. challenges the finding of delinquency on weight-of-the-evidence grounds. She argues the juvenile court judge should have deferred to the magistrate's factual findings because the judge did not accept any new evidence and the magistrate, who heard the testimony of witnesses, was better able to weigh the credibility of the witnesses. *See In re S.D., R.D., J.D. and M.D.*, 1st Dist. Hamilton Nos. C-200045 and C-200084, 2020-Ohio-3379, ¶ 18; *In re E.R.M.*, 1st Dist. Hamilton No. C-190391, 2020-Ohio-2806, ¶ 21 and 23.

{¶21} A.F.'s adjudication based on the assault of Officer Simmons, however, did not turn on credibility determinations. A.F. did not testify, and although the three officers involved testified, the state relied primarily upon the camera recordings. The magistrate made no reference to the police cruiser recording in her decision, despite the persuasiveness of the evidence contained in that recording. Upon our review of the record, including the cruiser camera recording that undisputedly shows A.F. intentionally stomping on Officer Simmons's foot for the admitted purpose to get her to move away, we cannot say that A.F.'s adjudication was against the manifest weight of the evidence. *See In re J.C.*, 1st Dist. Hamilton No. C-180493, 2019-Ohio-4027, at ¶ 12, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 687 N.E.2d 541 (1997). Consequently, we overrule the first and second assignments of error.

Conclusion

**{¶22}** In the appeal numbered C-190680, A.F. appeals from the judgment entered in the case numbered 18-3633z, but she failed to allege a justiciable controversy for our review. Thus, we lack jurisdiction to review that case and dismiss that appeal. In the appeal numbered C-190721, A.F. has failed to demonstrate that her delinquency adjudication in the case numbered 19-2774z should be reversed due to a deficiency in the sufficiency or weight of the evidence. Thus, we affirm that judgment.

Judgment accordingly.

**MOCK, P.J.**, and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.